UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
CONRAD HINES,

            Petitioner,

    -against-

GARY GREENE, Superintendent,

            Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-4433 (FB)

*Appearances:*

*For the Petitioner:*
CONRAD HINES, *Pro Se*
03R1840
Great Meadow Corr. Facility
P.O. Box 51
Comstock, NY 12821

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney
By: ANTHEA HEMERY BRUFFEE
350 Jay Street
20th Floor - Appeals Bureau
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    *Pro se* petitioner Conrad Hines ("Hines") filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his judgment of conviction for weapons and narcotics possession in New York Supreme Court, Kings County, on the grounds that he was denied his Sixth Amendment rights to effective assistance of counsel and due process. For the reasons stated below, the petition is denied.[1]

---

[1] Since Hines raised both claims on direct appeal to the Appellate Division and in his leave application to the Court of Appeals, the claims are exhausted and therefore proper for habeas review. *See* 28 U.S.C. § 2254(b)(1)(A).

1. **Ineffective Assistance Claim**

    Hines claims that he was denied effective assistance of counsel because his lawyer failed to move for a severance of the weapons and narcotics charges. To establish ineffective assistance of counsel, petitioner must show both (1) lawyer performance "below an objective standard of reasonableness" and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-688, 690 (1984).

    The Supreme Court has held that joinder will rise to the level of a constitutional violation only if it actually renders the defendant's trial unfair. *Herring v. Meachum*, 11 F.3d 374, 377 (2d Cir. 1993) (quotations omitted). The Appellate Division, Second Department found that Hines "was afforded meaningful representation," *People v. Hinds*, 2005 N.Y. Slip Op. 01741 (2d Dep't 2005)[2]; as Hines cannot demonstrate that joinder rendered his trial unfair, the Court has no reason to question this finding. *See Scott v. Kelly*, 1999 WL 1390251, at *4 (W.D.N.Y. Aug. 24, 1999) (trial counsel not ineffective in failing to seek severance of counts charging criminal possession of a weapon and criminal possession of a controlled substance arising from a search incident to the defendant's arrest for charges alleging attempted murder, assault, robbery, and attempted robbery because no actual prejudice shown).

    A review of the record indicates that the weapons and narcotics charges were properly joined pursuant to N.Y. Crim. Pro. Law § 200.20(2), which permits two offenses

---

[2]State Court records refer to petitioner as Conrad Hinds.

to be joined for trial when, "[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first."

The narcotics possession charge was based on the police's recovery of cocaine from Hines pursuant to a search incident to his arrest for weapons possession. The evidence regarding Hines' arrest for gun possession would have been admissible in a separate trial charging Hines with narcotics possession because the charges were linked in time and witness testimony, *see Alexandre v. Senkowski*, 2003 WL 21822279, at *11 (E.D.N.Y. July 31, 2003) (no ineffective assistance of counsel where the trial court would not have severed charges that "were committed within one hour of each other, involved the same gun, the same vehicle and much the same personnel"); and because joinder of the charges served to provide a seamless narrative of the relevant events, *see, e.g., People v. Lee*, 275 A.D.2d 995, 996 (4th Dep't 2000); *People v. Henry*, 166 A.D.2d 720 (2d Dep't 1990).

Additionally, given the wide latitude trial courts possess when deciding whether to grant a severance of joinable offenses, the trial court would not have abused its discretion by denying a severance in this case had a motion for one been made. *See id.* § 200.20(3); *See also People v. Lane*, 56 N.Y. 2d 1, 8 (1982) (trial courts have discretion in weighing the public interest in avoiding duplicative, lengthy and costly trials against defendant's right to a fair trial free of undue prejudice).

## 2. Due Process Claim

Hines argues that he was deprived of due process because (1) the prosecutor cross-examined a defense witness by challenging the witness's failure to come forward to the authorities with allegedly exculpatory information without laying a proper foundation, and (2) the trial court failed to address this alleged defect with a curative instruction.

Rulings by state trial courts on evidentiary matters are generally a matter of state law and pose no federal constitutional issue. *See Roberts v. Scully*, 875 F. Supp. 182, 189 (S.D.N.Y.), *aff'd*, 71 F.3d 406 (2d Cir. 1995). "The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation marks and citation omitted). "[B]ut even an error of constitutional dimensions will merit habeas relief only if it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Benjamin v. Greiner*, 296 F. Supp. 2d 321, 332 (E.D.N.Y. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In New York, before a prosecutor may challenge the veracity of a defense witness for failure to come forward to authorities with exculpatory information prior to trial, the prosecutor must lay a proper foundation. *See People v. Dawson*, 50 N.Y.2d 311 (1980). To lay that foundation, the prosecutor must establish that "the witness was aware of the nature of the charges pending against the defendant, had reason to recognize that he possessed exculpatory information, had reasonable motive for acting to exonerate the

4

defendant, and, finally, was familiar with the means to make such information available to law enforcement authorities." *Id.* at 321. In the present case, the Appellate Division found that any failure by the prosecutor "to lay the necessary foundation ... was harmless since the People never suggested that the witness should be disbelieved because of his failure to make such a report." *Hinds*, 2005 N.Y. Slip Op. 01741 (2d Dep't 2005).

The Appellate Division's finding of harmless error is entitled deference. *See id.* § 2254(d); *see also Sellan v. Kuhlman*, 261 F.3d 303, 310-11 (2d Cir. 2001). Given the overall strength of the prosecution's case, the Court concludes that the Appellate Division's decision on the harmless error issue was not an unreasonable application of the Supreme Court precedent governing harmless error review. *See Chapman v. California*, 386 U.S. 18 (1967) (requiring state courts to find "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained").

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 8, 2006